1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES KALAAUKAHI,                    Case No.  2:23-cv-1268-JDP (P)

12              Plaintiff,

13         v.                              ORDER

14    Y. SALINAS GOLZALEZ, *et al.*,

15              Defendants.

16

17         Plaintiff has repeatedly failed to respond to defendants' motion to compel, which was

18    filed November 8, 2024.  ECF No. 38.  On January 6, 2025, after plaintiff failed to timely file a

19    response, I ordered plaintiff (1) to show cause why this action should not be dismissed based on

20    his failure to comply with court orders and failure to prosecute, and (2) to file a response to

21    defendants' motion within twenty-one days.  ECF No. 42.  In response, plaintiff filed a document

22    that read in its entirety, "Dear courthouse, I would like my case to be heard, it's not fair for them

23    to get way with what they did to me, please I would like to go forward with the case."  ECF No.

24    44 (cleaned up).

25         In light of that filing and plaintiff's pro se status, I granted plaintiff until February 28,

26    2025, to file a response to defendants' motion.  ECF No. 45.  I also warned him that should he fail

27    to comply with that order, it would constitute another failure to comply with a court order and

28    would result in a recommendation that this action be dismissed.  *Id.*  Plaintiff has now filed a

motion to appoint counsel and a response to my prior order.  ECF No. 46.  Plaintiff explains that without the appointment of counsel, he cannot respond to defendants' motion due to his mental illness.  *Id.*  The court is sympathetic to the challenges plaintiff faces; however, plaintiff must actively participate in this litigation.  He brought this action, and defendants have the right to seek discovery from him.  The court has afforded plaintiff numerous opportunities, but without his participation, this case has stalled.  Therefore, I will grant plaintiff a final chance to respond to defendants' motion.  Should he not, I must recommend that this action be dismissed.

Plaintiff's request for counsel is denied.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  *Id.*  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant granting a request for voluntary assistance of counsel.

Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for the appointment of counsel, ECF No. 46, is DENIED without prejudice.

2.  Plaintiff must file a response to defendants' motion to compel within twenty-one days. This is plaintiff's final opportunity to engage in this litigation.  Should he choose not to, I will

recommend that this action be dismissed for failure to prosecute and failure to comply with court orders.

IT IS SO ORDERED.

Dated:   March 3, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE