UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KALAAUKAHI, | Case No. 2:23-cv-1268-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| Y. SALINAS GONZALES, *et al.*, | |
| Defendants. | |

Plaintiff has failed to engage adequately in the litigation process, even though he has had ample opportunity to do so. He has failed to file a response to defendants' motion to compel, and I am convinced that no further opportunity would cause plaintiff to file this response. Therefore, I recommend that this action be dismissed.

A brief review of the court's and defendants' efforts to obtain plaintiff's participation is warranted. On November 8, 2024, defendants filed a motion to compel. ECF No. 38. After plaintiff did not respond, I ordered him, on January 6, 2025, to show cause for his failure to prosecute and to comply with court orders. ECF No. 42. On January 31, 2025, plaintiff filed a document that stated, "Dear courthouse, I would like my case to be heard, it's not fair for them to get way with what they did to me, please I would like to go forward with the case." ECF No. 44 (cleaned up). In light of that filing and plaintiff's pro se status, I granted plaintiff until February 28, 2025, to file a response to defendants' motion. ECF No. 45. I also warned him that should he

1

1  fail to comply with that order, it would constitute another failure to comply with a court order and
2  would result in a recommendation that this action be dismissed. *Id.*

3  Plaintiff then filed a motion to appoint counsel. ECF No. 46. He stated that without the
4  appointment of counsel, he could not respond to defendants' motion due to his mental illness. *Id.*
5  On March 4, 2025, I denied that motion. ECF No. 47. There, I reminded plaintiff that he must
6  actively participate in this litigation; he filed this lawsuit, and defendants have the right to seek
7  discovery from him. I granted plaintiff a final chance to respond to defendants' motion. *Id.* In
8  response, plaintiff filed a request for time to respond to the motion and stated that he lost his copy
9  of the motion to compel. ECF No. 48. I granted both of plaintiff's requests. I ordered defendants
10 to re-serve the motion to compel on plaintiff, which they did, ECF No. 50, and granted plaintiff
11 an additional forty-five days to respond. ECF No. 49. The deadline for plaintiff to respond has
12 passed without response. Accordingly, dismissal is warranted.

13 The court has the inherent power to control its docket and may, in the exercise of that
14 power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,
15 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
16 comply with these Rules or with any order of the Court may be grounds for imposition by the
17 Court of any and all sanctions . . . within the inherent power of the Court.").

18 A court may dismiss an action based on a party's failure to prosecute an action, failure to
19 obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
20 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
21 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
22 complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
23 comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
24 *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
25 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
26 prosecution and failure to comply with local rules).

27 In recommending that this action be dismissed for failure to prosecute and failure to
28 comply with court orders, I have considered "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

As laid out above, plaintiff has failed to engage in the litigation process repeatedly. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all cut in favor of the sanction of dismissal. My warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement.[1] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff had adequate warning that dismissal could result from his noncompliance. Accordingly, I find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district judge to this matter.

Further, it is hereby RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to prosecute and failure to comply with court orders for the reasons set forth in the January 6, 2025, February 7, 2025, March 4, 2025, and March 18, 2025 orders.

2. Defendants' motion to compel, ECF No. 38, is DENIED as moot.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

---

[1] The January 6, 2025, February 7, 2025, March 4, 2025, and March 18, 2025 orders expressly warned plaintiff that his failure to comply with court orders would result in dismissal. ECF Nos. 42, 45, 47, & 49.

3

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4